IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOWARD A. CARTER, | ) | |
|     Petitioner, | ) | Civil Action No. 2:14-cv-1671 |
| | ) | |
| v. | ) | Senior United States District Judge |
| | ) | Maurice B. Cohill, Jr. |
| | ) | |
| | ) | United States Magistrate Judge |
| BRIAN V. COLEMAN, et al., | ) | Cynthia Reed Eddy |
|     Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

Petitioner, Howard A. Carter ("Carter"), is a state prisoner. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court may dismiss the petition prior to service if it plainly appears that Carter is not entitled to habeas relief. That is the case here because his petition is second or successive and he has not received from the U.S. Court of Appeals for the Third Circuit an order authorizing this Court to consider it, as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, it is respectfully recommended that the petition be summarily dismissed for lack of jurisdiction and that a certificate of appealability be denied. 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases In the United States District Courts.

**II.    REPORT**

    **A.    Relevant Background**

Following a non-jury trial in the Court of Common Pleas of Allegheny County, Carter was convicted of third degree murder, robbery, burglary, simple assault, and terroristic threats. On February

5, 1996, the court sentenced him to an aggregate term of imprisonment of from twenty (20) to sixty (60) years.

The Superior Court affirmed his judgment of sentence and Carter's Petition for Allowance of Appeal was denied by the Supreme Court of Pennsylvania on June 10, 1997. Thereafter, Carter filed in state court an unsuccessful motion for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.

On or around May 6, 2002, Carter filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenged his February 5, 1996, judgment of sentence. That petition was docketed as Carter v. Lavan, et al., 2: 02-cv-00854 (W.D. Pa.) and assigned to the Honorable William L. Standish, who referred the case to Magistrate Judge Ila Jeanne Sensenich. On May 27, 2003, the Magistrate Judge subsequently issued a Report and Recommendation ("R&R") advising that the petition be denied and that a certificate of appealability be denied. (ECF No. 7). On June 19, 2003, Judge Standish adopted the R&R as the Opinion of the Court, denied the petition, and denied a certificate of appealability. (ECF No. 9). On March 9, 2004, the United States Court of Appeals denied Petitioner's request for a certificate of appealability. (ECF No. 11).

On or about March 4, 2008, Carter filed with the Third Circuit Court of Appeals an application for authorization to file a second or successive petition under 28 U.S.C. § 2254. The court denied it. See June 9, 2008, *Order* in In re: Howard Carter, Court of Appeals Docket No. 08-1633 (3d Cir.).

On or around December 11, 2014, Carter filed the instant habeas petition. He again challenges his February 5, 1996, judgment of sentence and asks that the Court grant the following relief: "vacate & discharge or a new trial." (ECF No. 1-1). This is at least the second time he has attempted to challenge his February 5, 1996, judgment of sentence by way of a federal habeas petition.

**B.    Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") mandates that before a petitioner may file a second or successive habeas corpus petition under 28 U.S.C. § 2254 challenging the same judgment of sentence that he previously challenged in federal habeas, he must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). See, e.g., Magwood v. Patterson, — U.S. —, 130 S.Ct. 2788 (2010). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. § 2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. See, e.g., Burton v. Stewart, 549 U.S. 147 (2007).

Carter has not received from the Third Circuit Court of Appeals permission to file a second or successive petition. Therefore, this Court must dismiss the instant petition for lack of jurisdiction. Id. at 152-54.

**C.    Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should

3

issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying that standard here, jurists of reason would not find it debatable whether the instant petition is a second or successive petition. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be summarily dismissed and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Carter is allowed to file objections on or before **January 5, 2015**. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

                                      s/ Cynthia Reed Eddy
                                      Cynthia Reed Eddy
                                        United States Magistrate Judge

Dated: December 15, 2014

cc:    HOWARD A. CARTER
        DG0250
        PO Box 9999
        LaBelle, PA 15450