# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOWARD A. CARTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civ. No. 14-1671 |
| v. ) | |
| ) | |
| BRIAN V. COLEMAN and ) | |
| THE ATTORNEY GENERAL OF ) | |
| THE STATE OF PENNSYLVANIA, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Petitioner Howard Carter's Second Motion under 28 U.S.C. § 2254 [ECF No. 1-1]. In this Motion, Petitioner is arguing that *inter alia* he was denied his Constitutional Rights under the 1st, 4th, 5th, 9th, and 14th Amendments due to ineffective assistance of counsel. Petitioner, in his Objections to Magistrate Judge Eddy's December 15, 2014 Report and Recommendation ("R&R")[ECF No. 2], claims that there has been no prior adjudication on the merits of this case and, therefore, this is not a successive petition. Petitioner is mistaken.

This motion is a second or successive § 2254 petition. A habeas application is classified as second or successive if a prior application has been decided on the merits, and the prior subsequent applications challenge the same conviction. C.f. Slack v. McDaniel, 529 U.S. 473, 485-86 (2000). Here, both of Petitioner's § 2254 petitions challenge the same 1996 conviction and sentence. The Court denied Petitioner's first petition on the merits.[1] Thus, Petitioner's new application is a second or successive petition within the meaning of 28 U.S.C. § 2244.

---

[1] On June 19, 2003, the Court denied on the merits Petitioner's ineffective assistance of counsel claim. On March 9, 2004, the United States Court of Appeals denied Petitioner's request

The Court does not have jurisdiction over such a motion without prior Third Circuit approval. The record is clear that Petitioner has not obtained leave from the Court of Appeals for the Third Circuit to file his new petition. In fact, Petitioner applied for such permission in February 2008 and the Court of Appeals for the Third Circuit denied the request on June 9, 2008. In addition, because jurists of reason would not debate this procedural ruling, a certificate of appealability will not issue. See, e.g., Walker v. Frank, 56 F. App'x 577, 579 (3d Cir. 2003).

Petitioner is advised that he has the right to appeal this Order denying his Motion, see 28 U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. See Federal Rule of Appellate Procedure 2.

After *de novo* review of the petition and documents in the case, together with Report and Recommendation, and the Petitioner's objections, the following order is entered:

**AND NOW**, this 3rd day of March, 2015;

**IT IS ORDERED** that the instant petition for writ of habeas corpus shall be, and hereby is, **DISMISSED** for lack of jurisdiction. Inasmuch as reasonable jurists would not find it debatable whether the instant petition is a second or successive petition as to which jurisdiction is lacking, **IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

The Report and Recommendation filed on December 15, 2014 [ECF No. 2], is adopted as the opinion of the Court.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge

---

for a certificate of appealability concluding that "jurists of reason could not debate the District Court's resolution of Appellant's claim that trial counsel in was ineffective."

cc:  HOWARD A. CARTER
    DG0250
    PO Box 9999
    LaBelle, PA 15450
    Lexington, KY 40512